Of Counsel
Hyslip & Taylor LLC LPA
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA 90067

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Kenneth Laba,

    Plaintiff,

v.

Performant Recovery, Inc.

    Defendant.

Case No.: 3:14-cv-02893

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiff, Kenneth Laba, ("Kenneth"), is a natural person who resided in Burbank, California, at all times relevant to this action.

2. Defendant, Performant Recovery, Inc., ("PRI"), is a California Corporation that maintained its principal place of business in Livermore, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788

Complaint - 1

*et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant resides in this District.

### INTRA-DISTRICT ASSIGNMENT

6. This case should be assigned to San Francisco or Oakland because Defendant resides in Alameda County.

### STATEMENT OF FACTS

7. At all times relevant to this action, PRI engaged in the business of consumer debt collection.

8. PRI regularly uses the telephone and mail to collect consumer debts that PRI either purchased or had been hired to collect.

9. The principal source of PRI's revenue is debt collection.

10. PRI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. PRI is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

12. As described below, PRI contacted Kenneth about an obligation that Kenneth allegedly owed, which had been incurred for personal rather than commercial purposes.

13. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

14. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

15. As described below, PRI attempted to collect the debt from Kenneth, and in so doing, has alleged that Kenneth owed the debt.

16. Kenneth is a "consumer" as defined by 15 U.S.C. §1692a(3).

17. Around January 2014, PRI contacted Kenneth on Kenneth's cellular phone in connection with the collection of the debt.

18. Around February 2014, PRI contacted Kenneth at Kenneth's place of employment in connection with the collection of the debt.

19. PRI contacted Kenneth's place of employment and Kenneth's work cellular phone a total of more than ten times in a period of a few days.

20. AA left a message with Kenneth's co-worker, ("Co-worker").

21. The agent asked for more than location information.

22. Defendant's agent Cheryl Hudson called Kenneth's place of employment around 2/24/14 and disclosed that she worked at Performant and she asked that Kenneth give her a call at 800-927-7667 ext. 7819.

23. At the time of this communication PRI already had Kenneth's location information.

24. Cheryl Hudson did not state that she was confirming or correcting location information concerning the consumer.

25. Cheryl Hudson did not comply with 15 U.S.C. § 1692b when she communicated with third-parties at Plaintiff's place of employment.

26. The stress from PRI's calls to Kenneth's place of employment caused Kenneth to lose focus at work.

27. PRI caused Kenneth emotional distress.

28. PRI violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

Complaint - 3

30. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party at his place of work in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt by making calls to work that did not comply with 15 U.S.C. § 1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt by making calls to work that did not comply with 15 U.S.C. § 1692b..

## COUNT FOUR

### Violation of the Rosenthal Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692c(b).

## COUNT FIVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692d.

## COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692f.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

   c. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   s/ Art Matthews
One of Plaintiff's Attorneys

Date:  April 7, 2014

Of Counsel
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067